UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK R. REYNOLDS, III,

                        Petitioner,        CRIMINAL CASE NO. 81-50046
                                                   CIVIL CASE NO. 00-40094

v.

UNITED STATES OF AMERICA,         HONORABLE PAUL V. GADOLA
                                                       U.S. DISTRICT COURT
                       Respondent.
_____/

## **ORDER GRANTING PETITIONER'S 2000 MOTION UNDER 28 U.S.C. § 2255**

Before the Court is Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255, filed on February 29, 2000. The following facts are taken from *Reynolds v. United States*, 64 Fed. Appx. 508, 509 (6th Cir. 2003):

> In 1982, Frank Reynolds was convicted for activities related to a marijuana distribution scheme involving tons of marijuana and millions of dollars. Reynolds arranged for individuals to transport the marijuana from Florida and elsewhere to Michigan. He was convicted of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848, convicted of conspiring to obstruct the Internal Revenue Service in violation of 18 U.S.C. § 371, and convicted of three counts of tax evasion in violation of 26 U.S.C. § 7201.
>
> The district court sentenced Reynolds to ten years of imprisonment on the § 848 conviction and five years on each remaining count to be served concurrently. This court affirmed Reynolds's judgment of conviction and sentence. *United States v. Griffith*, 756 F.2d 1244 (6th Cir. 1985). Reynolds, however, failed to report for service of his sentence and was not arrested until November 2, 1987, whereupon he began serving his ten-year sentence. On January 19, 1988, he pleaded guilty to failure to report for sentencing and received a four-year sentence to be served consecutively to the ten-year sentence.
>
> On May 30, 1995, Reynolds was paroled. On January 5, 1996, he was arrested and charged with conspiracy to distribute marijuana. He pleaded guilty and was sentenced to five years of imprisonment. On May 12, 2000, Reynolds was released to supervised release from the conspiracy to distribute offense but

immediately began serving a sentence for violating his parole on the 1982/1988 convictions. On December 1, 2000, Reynolds was again released on parole for the 1982/1988 convictions with a parole termination date of October 13, 2006.

In his motion to vacate sentence, Reynolds claimed that his 1982 conviction on the 21 U.S.C. § 848 offense must be vacated in light of *Richardson v. United States*, 526 U.S. 813, 143 L. Ed. 2d 985, 119 S. Ct. 1707 (1999) and *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000).

*Reynolds*, 64 Fed. Appx. at 509.

Section § 848 "forbids any 'person' from 'engaging in a continuing criminal enterprise.' It defines 'continuing criminal enterprise' (CCE) as involving a 'violation' of the drug statutes where 'such violation is a part of a continuing series of violations.'" *Richardson*, 526 U.S. at 815 (citation omitted). *Richardson* held that "a jury in a federal criminal case brought under § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" *Id. Richardson* was decided on June 1, 1999 and made retroactive on collateral review by the Sixth Circuit in *Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000). Petitioner's motion to vacate was filed on February 29, 2000, and is therefore within § 2255's one-year period of limitation from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255 ¶6(3). *See Dodd v. United States*, 545 U.S. ___ (2005).

In Petitioner's case, the jury that convicted him of CCE did not, nor were they instructed to, unanimously agree on which individual violations constituted the "continuing series of violations"of Petitioner's CCE conviction, as required by *Richardson*. The Government does not dispute this. *See* Gov't Resp. (Jan. 28, 2004).

As a remedy, the Government requests that the Court vacate Petitioner's CCE conviction, enter a judgment of guilty as to Count Four of the indictment—conspiracy to distribute marijuana

in violation of 21 U.S.C. § 846, a lesser included offense of CCE—and resentence Petitioner accordingly.  This procedure, argues the Government, was employed in *United States v. West*, 201 F.3d 1312 (11th Cir. 2000).  In *West*, however, the jury found the defendant guilty of CCE and conspiracy, but the district Court dismissed the count prior to sentencing because it was a lesser included offense.  *Id.*  Yet, in Petitioner's case, the Court instructed the jury to make no finding of Petitioner's guilt as to the conspiracy charge if it found Petitioner guilty of CCE.  Because the jury followed the Court's instruction, there is no conspiracy conviction to reinstate.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's motion to vacate [docket entry 201] is **GRANTED** and his conviction on Count II for violation of 21 U.S.C. § 848 is **VACATED**.

**IT IS FURTHER ORDERED** that Petitioner shall be **RESENTENCED**: the probation department shall create another presentencing report taking into account the vacatur of Petitioner's conviction on Count II, and counsel shall be appointed to represent petitioner during his resentencing, to take place at a time and date set by this court.

**SO ORDERED.**

Dated:    May 16, 2006                             s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on ___May 17, 2006___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____ , and
I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ___Michael Leibson; Frank R. Reynolds, III___ .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845