UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK REYNOLDS, III

      PETITIONER,                    CIVIL CASE NO. 00-40094
                                                  CRIM. CASE NO. 81-50046

v.                                                    PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA
_____/

**ORDER DENYING MOTION FOR**
**RETURN OF FORFEITED FUNDS**

On September 1, 1981, Petitioner was charged in an indictment, in which Count Two alleged that he was engaged in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848, and that his interest in certain assets (later forfeited) were subject to forfeiture under 21 U.S.C. § 848(a)(2).

Petitioner alleges that after a jury convicted Defendant, the Court entered a preliminary order of forfeiture on April 14, 1982. Petitioner is incorrect, as his pleading notes, subsequently, Petitioner thereafter alleges that the jury verdict of guilt was not filed until April 16, 1982, two days after the entry of forfeiture.

Petitioner further alleges that on January 16, 1982, the day of the conviction, the Court entered a "further order of forfeiture."

On February 2, 2000, Petitioner moved to vacate his conviction under 28 U.S.C. § 2255.

On December 4, 2000, Petitioner sought leave to amend his petition to request that the Court vacate the judgments of forfeiture, as well.

On May 16, 2006, the Court granted Petitioner's motion, to vacate his § 848 conviction on count two.

Petitioner contends that a necessary consequence of the Court's vacating the judgment of conviction on Count Two, "was to vacate the orders of forfeiture based on that conviction". Petitioners, Motion for Return of Forfeited Funds, 4-21-2008, P.4.

The Government's response contends that the forfeiture was not based on the CCE conviction. Instead, the Government states that the defendant agreed, prior to trial, to forfeit the items in question listed in the indictment.

Specifically, the Government states:

> the jury did not consider the forfeiture issue, there was no forfeiture verdict and no forfeiture was contained in the court's judgment and commitment order.

Gov't Answer, 2-19-09, P.1.

Indeed, the Government points out that Petitioner admits that the initial forfeiture order was entered on April 14, 1982, two days prior to the jury's verdict on June 16, 1982.

Further, the forfeiture was entered as a stipulation of Petitioner and the other defendants, and the further orders of forfeiture were made pursuant to that same stipulation and were signed by the Court on June 16, 1982, several days before the sentencing on June 29, 1982.

The Court concludes that Petitioner agreed to the forfeiture prior to the verdict. The Court further concludes that, accordingly, the forfeiture was not part of the criminal verdict or the judgment.

Thus, the vacating of the CCE judgment has no impact on the validity of the forfeiture. Petitioner's case citations all involved forfeitures, unlike the instant case, that were the specific

subjects of jury verdicts. *See United States v. Lake*, 472 F.3d 1247, 1254, 1267 (10th Cir. 2007) (reversing and remanding jury's verdict on forfeiture count, which was based upon the underlying criminal convictions which were also reversed and remanded); *United States v. Messino*, 122 F.3d 427, 430 (7th Cir. 1997) (reasoning that vacating criminal forfeiture orders which were based upon the underlying criminal convictions was the "necessary consequence" of reversing the underlying convictions).

Finally, given the disconnect between the prior to verdict forfeiture, and subsequent legal conviction and judgment, the Court concludes that there is not a basis or justification for the application of any principles of equity to the instant petition. Petitioner and his counsel made a strategic decision to stipulate to a forfeiture prior to any verdict in the instant case. Thus, the verdict, and the subsequent dismissal of Count Two, are not controlling with regard to the instant petition.

The Court DENIES Petitioner's Motion for Return of Forfeited Funds.

SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2009

3

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 16, 2009.

                                        S/Denise Goodine
                                        Case Manager