UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK REYNOLDS, III

      PETITIONER,                    CIVIL CASE NO. 00-40094
                                                CRIM. CASE NO. 81-50046

v.                                                       PAUL D. BORMAN
                                                       UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA
_____/

**ORDER DENYING MOTION**
**FOR RETURN OF FINE**

        Petitioner filed a Motion requesting the Court to order the United States to "return any fines, assessments, penalties or costs paid to the government . . . with respect to Count Two" in criminal case 81-50046-2 (Petitioner's Motion, Feb. 26, 2008, P.1).

        The Court's Judgment and Commitment Order (J&C) of June 30, 1982, notes that Petitioner was convicted of three separate crimes: CCE in violation of 21 U.S.C. § 848, Income Tax Evasion in violation of 26 U.S.C. § 7201, and Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371.

        The J&C states as to Count Two, Defendant was committed to jail for 10 years and fined $10,000. Petitioner has served his sentence of incarceration in the 1982 case.

        Petitioner contends that on June 30, 1982, the Court entered a judgment requiring him, as to Count Two, to pay a $10,000 fine to the Government.

        Petitioner contends that he has paid $6672.00 toward that fine.

        On May 16, 2006, the Court entered a judgment pursuant to 28 U.S.C. § 2255 vacating the Count Two conviction for conducting a continuing criminal enterprise in violation of 21 U.S.C. § 845. This judgment also vacates the $10,000 fine.

The Court has jurisdiction to order the return of any fines, assessments, penalties or costs paid to the Government under a criminal judgment later vacated. See 28 U.S.C. § 1346(a)(1), F.R. Crim. P. 41(g), and F.R. Civ. P. 60(b)(6).

Petitioner seeks a return of the $6672.00 paid under the fine.

Subsequent to his release from prison in the instant case, Petitioner was convicted of marijuana conspiracy in January 1997, and in addition to his jail sentence, was ordered to pay a $15,000 fine. Petitioner has served his sentence of incarceration in that case. As of February 19, 2009, Petitioner owed $12,230 on that fine.

The Government contends that Petitioner's payments on the 1982 fine, which has been vacated, should be applied to the amount owing on the outstanding 1996 fine. The Court agrees. The government has the same right "which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." *United States v. Munsey Trust Co., Receiver*, 332 U.S. 234, 239 (1947) (citing *Gratiot v. United States*, 40 U.S. 336, 370 (1841); *McKnight v. United States*, 98 U.S. 179, 186 (1878)).

The Court will offset the amount of the fine paid on the 1982 conviction against the greater amount still owing on the 1996 conviction.

Finally, the Court concludes that the doctrines of res judicata and/or collateral estoppel do not bar the logical conclusion to offset the fine paid by Defendant on the 1982 case to the Defendant's fine yet owing in the 1996 case. This offset concept is both logical and legal.

SO ORDERED.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 16, 2009.

S/Denise Goodine  
Case Manager